UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA BIERMANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14-CV-00229-JAR |
| SIZEWISE RENTALS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Sizewise Rentals' Motion to Compel a Rule 35 Examination of Plaintiff (Doc. 26). Plaintiff responded (Doc. 31) and Defendant replied (Doc. 32). On December 5, 2014, the Court held a telephone conference with counsel (*See* Doc. 30). During the call, the Court encouraged the Parties to discuss the matter further and attempt to come to a resolution. However, on December 12, 2014, Plaintiff filed a supplemental response to the Motion to Compel indicating that the Parties still differ as to the scope of any medical/return to work certification (Doc. 34). Thereafter, Defendant filed a Proposed Order the Court will construe as Defendant's supplemental response to the Motion (Doc. 35). For the following reasons, the Court will **GRANT in part** Defendant's Motion to Compel.

### I.   Introduction and Background

In her single-count complaint, Plaintiff alleges that Defendant interfered with her right to take medical leave in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (*See* Doc. 1). Relevant to the issue before the Court, in her complaint, Plaintiff asserts that she "suffered from FMLA-qualifying serious health conditions including but not limited to severe depression, anxiety, and stress" and "a two-week leave following emergency oral surgery

and medical complications thereafter" (Doc. 1 at ¶¶18, 30). In her prayer for relief, Plaintiff requests, among other things, reinstatement (Doc. 1 at ¶C).

On November 24, 2014, Defendant filed a Motion to Compel Rule 35 Examination of Plaintiff (Doc. 26) requesting the Court grant a Rule 35 psychological examination of Plaintiff. Defendant asserts that a Rule 35 medical exam is warranted because Plaintiff has put her mental condition in controversy by claiming that she has a serious health condition. Further, Defendant argues that good cause warrants the examination because Defendant did not have an opportunity to investigate whether Plaintiff had a serious health condition when she was an employee because Defendant determined that Plaintiff was not an eligible employee as defined by the FMLA and therefore did not take any steps to certify Plaintiff's medical condition. Defendant requests the Plaintiff be required to appear on December 19, 2014 at the office of Dr. Marcia McCabe for an interview preferably occurring over the course of two days and requiring approximately 5 hours in clinical interview and 2-2.5 hours of psychological testing.

Plaintiff responded, objecting to the Rule 35 evaluation in its entirety (Doc. 31). Specifically, Plaintiff asserts that her current medical condition is not in controversy in this case and that good cause does not exist for ordering a Rule 35 examination.

On December 5, 2014, the Court held a telephone conference with counsel and encouraged the Parties to discuss the matter further, with the hope that they could come to a resolution. Unfortunately, the Parties were unable to agree as to the scope of the evaluation and that matter therefore remains before the Court.

In its supplemental response, Defendant now requests that Plaintiff be required to appear on December 19th for an examination consisting of "two standardized psychological tests of approximately 2.5 hours . . . followed by a clinical interview of 2.5 hours, for a total of a five-

hour examination" (Doc. 35). Defendant provides the declaration of Dr. Marcia McCabe to support its assertion that this is the minimum amount of time necessary to provide a clinical assessment of the Plaintiff's ability to work and need for leave during April 2013-August 2013 (Doc. 35-1). In her supplemental response, Plaintiff appears to concede that the Rule 35 exam is appropriate but requests that the exam not extend beyond two hours in length, and be limited to the particular health condition Plaintiff experienced and what is required of other similarly-situated employees.

## II. Analysis

District courts are accorded wide discretion in dealing with discovery matters. *Centrix Financial Liquidating Trust v. National Union Fire Ins. Co. of Pittsburgh, P A*, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (*citing Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)). As the Supreme Court has stated, because discovery rules should " 'be construed to secure the just, speedy, and inexpensive determination of every action,' ... judges should not hesitate to exercise appropriate control over the discovery process." *Miscellaneous Docket Matter No. 1. V. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (*quoting Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

After a full and thorough review of the briefs, the Court finds the following. The Court will not limit the exam to only the particular health condition that Plaintiff experienc*ed*. The Court indicated during the conference call, and continues to do so, its concern with Plaintiff's requested relief of reinstatement. Plaintiff has not subsequently filed any indication that she no longer requests such relief. Therefore, in so requesting, Plaintiff has put her *current* health condition(s) in controversy because Defendant must be able to evaluate the request. *Cf. Valdivia v. BNSF Railway Company*, 2008 WL 1774779 at *2 *D. Kan Apr. 16, 2008) (*quoting Coca-*

*Cola Bottling Co. v. Torres*, ("[T]he First Circuit Court of Appeals upheld the trial judge's denial of defendant's motion for a Rule 35 examination on the basis that plaintiff 'was not seeking damages for any present suffering but only for past injury and emotional disturbance, and hence a physical examination would be useless since it would not show the extent of the injury he had suffered in the past from which he had wholly recovered.' "). The Court discerns from Dr. McCabe's declaration that Plaintiff's suggested limitations as to scope would be impracticable. Dr. McCabe's declaration indicates that at least a 2.5 hour interview of Plaintiff is required to identify whether Plaintiff was able to work between April 2013 and August 2013 (Doc. 35-1 at ¶2). Dr. McCabe also indicates that at least one of the psychological tests requested is necessary and that administration of the second would be ideal (*Id.* at ¶¶3, 4).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall appear on December 19, 2014, for a psychological evaluation to be conducted by Dr. Marcia McCabe, located at 4444 Forest Part Ave., Suite 2600, St. Louis, Missouri 63108. The examination will consist of two standardized psychological tests of approximately 2.5 hours, depending on the length of time Plaintiff requires to finish the tests, followed by a clinical interview of 2.5 hours, for a total of a five-hour examination.

Dated this 17th day of December, 2014.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE